## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SERGE KAKADIEV-KOKADIY**
Plaintiff, Pro Se & Secretary-General,
**KARSS-ROSS ASSOCIATION**

Case No. 1:26CV-593.

v.

**VERIFIED CIVIL COMPLAINT**

**WELLSPAN HEALTH,**

**and**

**ROXANNE GAPSTUR,**
President and CEO,
**WellSpan Health**
Defendants.

**JURY TRIAL DEMANDED**

FILED
HARRISBURG, PA

MAR 10 2026

PER _____
DEPUTY CLERK

## VERIFIED CIVIL COMPLAINT FOR DAMAGES AND

## DECLARATORY RELIEF

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to **8 U.S.C. § 1324b, Title VII of the Civil Rights Act of 1964, and the Administrative Procedure Act (APA);**

2. This Court has jurisdiction under **28 U.S.C. § 1331 and 28 U.S.C. § 1343; and**

3. Venue is proper under **28 U.S.C. § 1391(b).**

## II. THE PARTIES

4. **Plaintiff, Serge Kakadiev-Kokadiy**, brings this action in this individual capacity under **Pro Se** status. Plaintiff is the **Secretary-General** of the **Constitutional Alliance of Intellect, Freedom and Justice (KARSS-ROSS Association)**, a human rights organization.  Plaintiff is a protected individual under the **Convention Against Torture (CAT), Category C18**, residing at the YMCA Building, 310 W Philadelphia St,  Suite 508, York, PA 17401-2942 (See Exhibit 1 & 6); and

5. Defendants are **WellSpan Health** and its **CEO, Roxanne Gapstur,** both having a  primary business address at 45 Monument Road, York, PA 17403.

## III. STATEMENT OF FACTS

6. Plaintiff was lawfully employed by **WellSpan Health until his unlawful termination on September 4, 2025;**

2

7. On June 9, 2025, Plaintiff timely filed for EAD renewal, triggering an automatic **540-day extension** of work authorization pursuant to **8 CFR § 274a.13(d).** (See Exhibit 2);

8. On August 20, 2025, Plaintiff formally notified Defendant CEO Roxanne Gapstur of this federal extension. (See Exhibit 3);

9. On August 26, 2025, Plaintiff contacted DHS to prevent administrative error. (See Exhibit 4);

10. On September 4, 2025, Defendants willfully disregarded federal law and **terminated** Plaintiff's employment. (See Exhibit 5);

11. **Plaintiff** acts in his individual capacity as a **Pro Se** litigant while simultaneously maintaining his official responsibilities as **Secretary-General** of the **Constitutional Alliance of Intellect, Freedom and Justice (KARSS-ROSS Association).** (See Exhibit 6);

12. Plaintiff sought relief through DOJ/IER **(Case No. 26-29H9O-8CT4),** but administrative failure necessitates Court intervention. (See Exhibit 7);

13. **Wrongful Termination:** Defendants violated PA Labor Law by failing to provide immediate reinstatement or access to unemployment benefits after their administrative error. (See Exhibit 8); and

14. **Fraudulent Accounting and Tax Discrepances:** Plaintiff discovered that Defendants issued **dual W-2 forms for the 2023 tax year** under two different Employer Identification Numbers: York Hospital **(EIN: 23-1352222)**

and WellSpan Health **(EIN: 22-2517863)**. This discrepancy, combined with the breach of the promised $1.00./ hour wage increase, constitutes financial fraud and evidence of bad faith (See Exhibit 8).

## IV. LEGAL CLAIMS & PRECEDENTS

15. **Count I (Documentary Abuse): 8 U.S.C. § 1324b.** (Chamber of Commerce v. Whiting);

16. **Count II (Due Process): 5th & 14th Amendments.** (Mathews v. Eldridge);

17. **Count III (Discrimination): Title VII of the Civil Rights Act;** and

18. **Pro Se Standard:** Haines v. Kerner, 404 U.S. 519 (1972).

19. **Count IV (Fraud and Fraudulent Misrepresentation):** Defendants intentionally misrepresented terms of compensation by promising a mandatory $1.00./ hour annual increase to induce employment, while unilaterally reducing it and maintaining inconsistent tax record (See Exhibit 8); and

20. **Count V (Unjust Enrich):** Defendants retained earned wages for corporate benefit, evidenced by dual W-2 forms for the same service period, violating the PA Wage Payment and Collection Law.

4

# V. PRAYER FOR RELIEF

21.Plaintiff respectfully requests that this Court:

a. **Immediate Reinstatement:** Order the reinstatement of the Plaintiff to the **status of an employee** of WellSpan Health on **Plaintiff's terms**, which shall include the establishment of a **permanent Independent Public Representation Office** of the **KARSS-ROSS Association** within the WellSpan Health organization to ensure ongoing compliance with federal laws, civil rights protections, and administrative transparency; Consistent with Maxfield v. Sinclair International, reinstatement is the preferred remedy;

b. **Damages:** Award compensatory and punitive damages in the amount of **$150,000,000.00** pursuant to BMW of North America, Inc. v. Gore; and

c. **Civil Rights Trust:** Order that the awarded funds be directed toward the establishment of a **Civil Rights Trust Fund** under **KARSS-ROSS Association** to assist victims of administrative corruption (**Cy Pres Doctrine**).

# VI. JURY TRIAL DEMANDED

22. .Pursuant to the 7th Amendment, Plaintiff demands a trial by jury.

5

# VERIFICATION

I, Serge Kakadiev-Kokadiy, declare under penalty of perjury under **28 U.S.C. § 1746** that I have read the foregoing Complaint and the facts stated therein are true and correct to the best of my knowledge and belief.

Respectfully submitted,

Executed on this 6th day of March, 2026

**Serge Kakadiev-Kokadiy**

Plaintiff, Pro Se & Secretary-General,

KARSS-ROSS Association

YMCA Building

310 W Philadelphia St ,

Suite 508

York, PA 17401-2942

Ph: 1(717)723-1996

Email: karssross@gmail.com

6